UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OSSIE LEE SLAUGHTER,

                Plaintiff,

    v.

DAN WHITE, *et al.*,

               Defendants.

Case No. C16-1067-RSM-JPD

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff Ossie Slaughter has been granted leave to proceed *in forma pauperis*. Service has not yet been ordered. This matter is now before the Court for screening of plaintiff's second amended complaint.[1] Plaintiff identifies thirty-three defendants in his second amended complaint. However, this Court concludes that plaintiff has failed to state a claim upon which relief may be granted as to twenty-eight of the thirty-three named defendants. This Court therefore recommends that this action be

---

[1] Plaintiff's motion to add pages to his second amended complaint (Dkt. 41) is GRANTED. The Court previously imposed a 25 page limit on plaintiff's second amended complaint, and the pleading filed with the Court is 35 pages long. While more concise drafting on plaintiff's part would likely have brought his second amended pleading in under the designated page limit, the Court will permit the second amended complaint to stand as presented.

REPORT AND RECOMMENDATION - 1

dismissed with prejudice as to those twenty-eight defendants, who will be specifically identified below, and that plaintiff be permitted to proceed with respect to the five remaining defendants.

DISCUSSION

On July 11, 2016, plaintiff submitted his original civil complaint to the Court for filing. (*See* Dkt. 1-2.) He alleged therein that his federal constitutional rights were violated during a period of confinement at the Monroe Correctional Complex (MCC) - Special Offender Unit (SOU) in early 2016. (*See id.*) Though the specifics of plaintiff's claims were somewhat difficult to apprehend, he appeared to allege that MCC officials and employees had retaliated against him, subjected him to cruel and unusual punishment, verbally harassed him, discriminated against him, interfered with his personal and legal property, and interfered with his ability to litigate another pending civil rights action. (*See id.*) Plaintiff identified 31 defendants in his complaint, and he requested relief in the form of return of his personal property, a new disciplinary hearing, installation of "bubble cameras" at SOU, transfer out of the Washington State Penitentiary (WSP), and compensatory and punitive damages.[2] (Dkt. 1-2 at 23.) Because of numerous deficiencies in plaintiff's original complaint, the Court declined to serve that pleading, but granted plaintiff leave to file an amended pleading. (Dkt. 11.)

After receiving two extensions of the deadline to file his amended complaint, plaintiff finally submitted an amended pleading to the Court for filing on November 28, 2016. (*See* Dkts. 15, 21 and 22.) Plaintiff identified thirty-three defendants in his amended pleading, but he appeared to assert only one legal claim; *i.e.*, that defendants individually, and "in cahoots" with their co-workers, retaliated against plaintiff based on his grievance activity at MCC and based

---

[2] Plaintiff was confined at WSP at the time he filed this action, but he has since been transferred to the Coyote Ridge Corrections Center. (*See* Dkt. 24.)

REPORT AND RECOMMENDATION - 2

upon his filing of a separate civil rights action against staff at another Department of Corrections (DOC) facility. (*See* Dkt. 22.) Upon careful review of plaintiff's amended pleading, the Court determined that plaintiff's retaliation claim was defective because his allegations of retaliation were largely conclusory. (*See* Dkt. 29 at 3.)

Despite plaintiff's failure to articulate in his amended complaint any claim upon which relief might be granted, the Court declined to dismiss the case because plaintiff had alleged facts in his amended complaint which could conceivably give rise to constitutional claims other than retaliation. (*See id*. at 4.) Specifically, the Court concluded that plaintiff's complaints regarding the conditions of his confinement in the MCC Intensive Management Unit (IMU), the adequacy of the medical care provided in the IMU, and his access to his legal materials, if clarified and asserted under the correct constitutional provision(s), might be sufficient to allow this action to proceed. (*See id*.) The Court therefore granted plaintiff a final opportunity to amend his complaint to state a viable cause of action. (*See id*.)

On March 19, 2017, plaintiff submitted his second amended complaint to the Court for review. (Dkt. 39.) Plaintiff appears to identify in his amended pleading three categories of claims: (1) Retaliation and Conditions of Confinement; (2) Legal Property Confiscation and Court Interference/Due Process Rights; and, (3) Medical Deliberate Indifference. (*Id*. at 16, 22, 23.) Plaintiff also identifies a fourth category entitled "Exhaustion of Remedies," though the precise purpose of this category is not clear. (*See id*. at 25.) Plaintiff's second amended complaint contains many of the same defects as his two prior pleadings. However, plaintiff has arguably identified some viable claims upon which he should be permitted to proceed. The Court discusses the viability of each of plaintiff's claims below.

REPORT AND RECOMMENDATION - 3

## Section 1983 Standard

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691-694 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989).

## Retaliation and Conditions of Confinement

Plaintiff's retaliation and conditions of confinement claims generally lack clarity, but plaintiff appears to assert that various defendants retaliated against him based upon his use of the prison grievance system, that he was denied due process in relation to a disciplinary hearing, and that he was placed in an unsanitary cell in the IMU Unit. (*See* Dkt. 39 at 16-22.) Plaintiff appears to assert claims against the following eighteen defendants in the retaliation and conditions of confinement portion of his second amended complaint: Correctional Officer (C/O) Webb, Mental Health Counselor Brittany West, Sergeant Michael Clayton, Sergeant Ayala, Sergeant Packwood, Lieutenant J. Asen, Mental Health Director/Supervisor Tanya Browne, MCC-SOU Associate Superintendent Jack Warner, MCC-SOU Superintendent Dan White, C/O Lance Rogers, Classification Counselor Aaron J. Heineman, Disciplinary Hearings Officer S.

REPORT AND RECOMMENDATION - 4

Ewing, C/O Jones, C/O Johnson, C/O Blackmar, Sergeant C.M. Laughlin, Lieutenant Katrina Jackson, and Mental Health Counselor Kate Bright.[3] (*See* Dkt. 39 at 16-22.)

Plaintiff's allegations against these eighteen defendants by and large lack sufficient specificity to state a viable claim for relief. Plaintiff, in relation to his apparent retaliation and conditions of confinement claims, provides laundry lists of names and then asserts that he complained to these individuals about various transgressions by other staff members and that these individuals failed to take any corrective measures. (*See* Dkt. 39 at 17, 21.) As plaintiff has previously been advised, it is insufficient to simply assert that he advised certain individuals of a perceived problem and that they failed to fix it. He is required to allege specific facts demonstrating that each individual defendant personally participated in causing him harm of federal constitutional dimension. This he has failed to do with respect to the majority of defendants identified in this section of his second amended complaint.

The only defendants identified in this section of plaintiff's second amended complaint against whom plaintiff has, arguably, stated a viable claim for relief are: (1) C/O Rogers whom plaintiff alleges retaliated against him for filing grievances and pursuing another civil rights case (*see id*. at 18-19); (2) Mental Health Counselor West whom plaintiff alleges falsified an infraction report (*see id*. at 17-20); (3) Disciplinary Hearing Officer S. Ewing whom plaintiff alleges denied him evidence at his disciplinary hearing and sanctioned him for violating a fictitious rule (*see id*. at 19-20); and (4) C/O Jones whom plaintiff alleges placed him in an unsanitary cell and failed to take corrective action when plaintiff complained about the conditions (*see id*. at 21-22). Plaintiff's claims against the remaining fourteen defendants

---

[3] Plaintiff references numerous other MCC staff members in this claim who are not identified as defendants in plaintiff's second amended complaint. Any individual not specifically identified as a defendant in pages 4-14 of the second amended complaint is not deemed a defendant in this action.

REPORT AND RECOMMENDATION - 5

identified in this section of plaintiff's second amended complaint should be dismissed for failure to adequately allege a cause of action under § 1983.

## Legal Property Confiscation and Court Interference

Plaintiff asserts in the legal property confiscation and court interference section of his complaint that his due process rights were violated when he requested, and was denied, access to his legal property and supplies in order to respond to orders issued by the United States District Court for the Western District of Washington. (Dkt. 39 at 22.) Plaintiff identifies Sergeant Clayton, Custody Unit Supervisor (CUS) Jason Neely, Sergeant Laughlin; Superintendent White, and MCC – Washington State Reformatory (WSR) Superintendent Michael Obenland as the individuals responsible for denying him access to his legal materials.

In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court acknowledged that inmates have a constitutional right of meaningful access to the courts premised on the due process clause. *Id.* at 821. The Supreme Court subsequently made clear that in order to adequately allege a cause of action for deprivation of the right of access to the courts, an inmate must demonstrate that he suffered some actual injury to his right of access. *Lewis v. Casey*, 518 U.S. 343 (1996). Plaintiff fails to allege clear and specific facts demonstrating how each of the five defendants identified in this claim personally participated in violating his right of access to the courts, and he fails to allege facts demonstrating that he suffered any actual injury to his right of access attributable to the conduct of these five defendants. Accordingly, plaintiff's access to courts claims must be dismissed.

## Medical Deliberate Indifference

Plaintiff alleges in the medical deliberate indifference section of his complaint that Physician Assistant (P.A.) Shirley refused to treat various infections that plaintiff contracted as a

REPORT AND RECOMMENDATION - 6

result of being housed in an unsanitary cell. (Dkt. 39 at 23.) Plaintiff also alleges that: (1) C/O Johnson and C/O Blackmar "[stuck] their infectious fingers" inside his clean drinking cups and refused to provide him with a new unused roll of toilet paper (*id*.); (2) C/O Stringham, and C/O Jones tampered with his food trays (*id*.); (3) he was confined in the segregation unit beyond his scheduled release date, and transferred to another institution, based on improper classification actions by Classification Counselor Heineman, Associate Superintendent Warner, A.D.A. Coordinator Kathryn Grey, Mental Health Director Browne, Associate Superintendent Michelle Wood, C.U.S. Neely, Correctional Program Manager (CPM) Lisa Anderson, Administrative Segregation Hearing Officer Harold Archibald, Superintendent White, and Corrections Specialist Timothy Chase (*id*. at 24-25); (4) he was forced onto the chain bus with threats of physical harm by Sergeant Laughlin, C/O Webb, and Sergeant Packwood (*id*. at 25); and, (5) C/O Webb confiscated his personal property (*id*.).

### 1. *Eighth Amendment Claims*

Plaintiff's claims that he was denied adequate medical care, forced to drink from contaminated cups, and had his food trays tampered with, implicate the Eighth Amendment which imposes a duty on prison officials to provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In order to establish an Eighth Amendment violation, a prisoner must satisfy a two-part test containing both an objective and a subjective component. The Eighth Amendment standard requires proof that (1) the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation; and (2) the prison official acted with a sufficiently culpable state of mind. *Id*. at 834.

The objective component of an Eighth Amendment claim is "contextual and responsive to 'contemporary standards of decency.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting

REPORT AND RECOMMENDATION - 7

*Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). The state of mind requirement under the subjective component of the Eighth Amendment standard has been defined as "deliberate indifference" to an inmate's health or safety. *Farmer*, 511 U.S. at 834. Under the "deliberate indifference" standard, a prison official cannot be found liable for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. *Id*. at 837.

To the extent plaintiff complains that he was denied adequate medical care by P.A. Shirley, he has, arguably, adequately alleged a cause of action under § 1983. However, to the extent plaintiff intends to allege that he was denied humane conditions of confinement by C/O Johnson, C/O Blackmar, C/O Stringham, and C/O Jones, he fails to state a viable claim for relief. The facts alleged by plaintiff are not sufficiently specific to demonstrate that any of these defendants were deliberately indifferent to plaintiff's health or safety or, in fact, that plaintiff suffered any harm attributable to the conduct of these four individuals. Plaintiff's Eighth Amendment claims against C/O Johnson, C/O Blackmar, C/O Stringham, and C/O Jones, as alleged in the medical deliberate indifference section of his second amended complaint, must therefore be dismissed.

### 2. *Classification Claims*

Plaintiff's claims concerning his custody demotion and/or his transfer to another institution do not implicate federal constitutional concerns. (*See* Dkt. 39 at 24-25.) As plaintiff has previously been advised, a prisoner does not have a liberty interest in a particular classification status. *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing *Moody v. Daggett*, 429 U.S. 78 (1976)). Likewise, the transfer of an inmate from one institution to another does not implicate a protected liberty interest. *Meachum v. Fano*, 427 U.S. 215, 223-27

REPORT AND RECOMMENDATION - 8

(1976). Thus, plaintiff's claims against Classification Counselor Heineman, Associate Superintendent Warner, A.D.A. Coordinator Grey, Mental Health Director Browne, Associate Superintendent Wood, CUS Neely, CPM Anderson, Hearing Officer Archibald, Superintendent White, and Corrections Specialist Chase, arising out of his custody demotion and/or transfer must be dismissed.

### 3. *Verbal Threats*

Plaintiff's claim that he was forced onto the chain bus by threats of physical harm does not implicate federal constitutional concerns. (Dkt. 39 at 25.) Plaintiff does not allege that he suffered any actual physical harm, only that he was threatened with such harm. The Ninth Circuit has held that verbal harassment or abuse is not sufficient to state a claim under § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Accordingly, plaintiff's claim that Sergeant Laughlin, C/O Webb, and Sergeant Packwood subjected him to verbal threats or abuse must be dismissed.

### 4. *Property Claims*

Plaintiff's claim that C/O Webb confiscated his personal property is not cognizable in this civil rights action. (Dkt. 39 at 25.) The Due Process Clause provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend. V. However, where a state employee's random, unauthorized act deprives an individual of property, either negligently or intentionally, the individual is relegated to his state post-deprivation process, so long as the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 540-41 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Washington State provides a post-

deprivation remedy for the alleged tortious conduct of state employees under RCW 4.92. Accordingly, any claims pertaining to the loss of plaintiff's personal property must be dismissed.

Exhaustion of Remedies

Plaintiff asserts in the exhaustion of remedies portion of his second amended complaint that he filed numerous grievances against MCC staff members between April 4, 2016 and August 13, 2016, and that Grievance Coordinator Lee Stemler, Grievance Program Manager Dale Caldwell, Superintendent White, Superintendent Erik Jackson, and Superintendent Obenland refused to process those grievances. It is not clear whether this portion of plaintiff's second amended complaint is intended merely as an explanation of plaintiff's efforts to exhaust administrative remedies with respect to his other substantive claims, or whether it is intended as a separate claim alleging some sort of malfeasance on the part of those responsible for the administrative remedy process.

Assuming plaintiff did intend this to constitute a separate claim for relief, he has not adequately alleged any cause of action under § 1983. As with so many of plaintiff's claims, his assertions here are largely conclusory, providing no facts demonstrating that any of the individuals implicated in this claim personally participated in causing him harm of federal constitutional dimension. The Court notes as well, as it did in its Order declining to serve plaintiff's amended complaint, that exhibits submitted by plaintiff in support of his amended complaint, exhibits which he also references throughout his second amended complaint, indicate that a substantial number of plaintiff's grievances were not processed because of his failure to comply with rules governing the institutional grievance process. (*See* Dkt. 29 at 4 (citing Dkts. 22-3, 22-4, 22-5 and 22-6).) Given plaintiff's evident failure to properly utilize the grievance

REPORT AND RECOMMENDATION - 10

process, his conclusory allegations regarding defendants' refusal to process grievances are insufficient to state a claim for relief.

Accordingly, any intended claims against Grievance Coordinator Stemler, Grievance Program Manager Caldwell, Superintendent White, Superintendent Jackson, and Superintendent Obenland arising out of the operation of the institutional grievance process must be dismissed.

Additional Claims/Defendants

In a portion of plaintiff's complaint which he entitles "Knowledge and Acquiesence [sic]," plaintiff appears to asserts that a number of supervisory officials, including Washington Department of Corrections Director Richard Morgan, Superintendent White, Associate Superintendent Warner, Superintendent Obenland, Grievance Program Manager Caldwell, Associate Superintendent Wood, and Superintendent Jackson "knew or should have known" about all of the improper conduct referenced elsewhere in his second amended complaint, but failed to take corrective action. Once again, plaintiff's claim is presented in a conclusory fashion and is insufficient to state any viable claim for relief under § 1983. It appears that plaintiff is simply seeking to have this group of supervisory officials held liable based on the conduct of their subordinates which, as noted above, is impermissible in an action brought under § 1983. Accordingly, the claims asserted in this portion of plaintiff's complaint must be dismissed.

Finally, the Court notes that there are two named defendants against whom plaintiff has alleged no cause of action, C/O Tammy and C/O White. These individuals must therefore be dismissed from this action.

CONCLUSION

For the foregoing reasons, this Court recommends that plaintiff's second amended complaint, and this action, be dismissed as to the following defendants: Dan White, Jack

REPORT AND RECOMMENDATION - 11

Warner, Timothy Chase, Michelle Wood, Erik Jackson, Michael Obenland, Michael Clayton, Tanya Browne, Kathryn Grey, Aaron Heineman, Sergeant Packwood, Sergeant Ayala, J. Asen, Jason Neely, C.M. Laughlin, Katrina Jackson, C/O Blackmar, C/O Stringham, C/O Johnson, C/O Webb, Kate Bright, Harold Archibald, Lisa Anderson, Lee Stemler, Dale Caldwell, C/O White, C/O Tammy, and Richard Morgan. The dismissal of these twenty-eight defendants should be with prejudice as plaintiff has had ample opportunity to state a claim for relief against each of these individuals and has been unable to do so.

The Court further recommends that plaintiff be permitted to proceed with his claims against Brittany West, Lance Rogers, S. Ewing, P.A. Shirley, and C/O Jones to the extent plaintiff alleges that this defendant placed him in an unsanitary cell and failed to take corrective action when plaintiff complained about the conditions. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **June 7, 2017**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 9, 2017.** Plaintiff is advised that this Report and Recommendation is not an appealable order.

DATED this 17th day of May, 2017.

*/s/ James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 12