UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OSSIE LEE SLAUGHTER,

                Plaintiff,

   v.

DAN WHITE, *et al.*,

                Defendants.

Case No. C16-1067-RSM-JPD

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought under 42 U.S.C. § 1983. This matter is now before the Court on plaintiff's motion for a temporary restraining order. (Dkt. 67.) Plaintiff, by way of the instant motion, seeks an order directing his transfer out of the Washington State Penitentiary (WSP) where he is currently confined. Plaintiff's motion fails to meet the standards set forth in Fed. R. Civ. P. 65(b) for issuance of a temporary restraining order. Accordingly, plaintiff's motion is construed as one for a preliminary injunction under Fed. R. Civ. P. 65(a). The Court, having reviewed plaintiff's motion, the attachments thereto, and the balance of the record, concludes that plaintiff's motion should be denied.

REPORT AND RECOMMENDATION - 1

DISCUSSION

The claims before the Court in the instant action all arise out of plaintiff's confinement at the Monroe Correctional Complex (MCC) – Special Offender Unit (SOU) in 2016, and involve five MCC employees.  The claims are as follows:  (1) Correctional Officer Lance Rogers retaliated against plaintiff for filing grievances and pursuing another civil rights case; (2) Mental Health Counselor Brittany West falsified an infraction; (3) Disciplinary Hearing Officer S. Ewing denied plaintiff evidence at his disciplinary hearing and sanctioned him for violating a fictitious rule; (4) Correctional Officer Jones placed plaintiff in an unsanitary cell and failed to take corrective action when plaintiff complained about the conditions; and (5) Physician's Assistant Sheryl Allbert denied plaintiff adequate medical care.[1]  (*See* Dkts. 39, 44, 47 and 62.)

In his motion for preliminary injunctive relief, plaintiff sets forth a series of complaints he has concerning the conduct of WSP staff members from July 2017 to the present, including complaints of retaliation, deliberate indifference to his medical needs, and interference with his legal materials and legal mail.  (*See* Dkt. 67.)  Plaintiff then goes on to assert that the defendants in this action, through their alleged misconduct, caused him to be transferred into a more perilous situation at WSP.  (*See id*. at 8-9.)  He also suggests that the defendants in this action are orchestrating "reprisal attacks" against him through their "coworkers" at WSP.  (*Id*. at 11.) These circumstances, according to plaintiff, warrant an order directing his transfer out of WSP.

The basic function of a preliminary injunction is to preserve the *status quo ante litem* pending a determination of the action on the merits.  *Los Angeles Memorial Coliseum Com'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980).  To obtain preliminary injunctive

---

[1] Plaintiff's second amended complaint, the operative pleading in this action, was originally quite broad in scope, alleging claims against 33 defendants, but it was narrowed significantly by the Court before service was ordered.

REPORT AND RECOMMENDATION - 2

relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of the equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Aside from very conclusory assertions by plaintiff that an injunction would be in the public interest, and that he will succeed on his underlying claims, plaintiff makes little effort to address the factors identified above. Plaintiff instead focuses his efforts on detailing the ways in which he is being mistreated by WSP staff. While plaintiff attempts to link the alleged mistreatment by WSP staff members to the defendants in this action, he offers only his own conclusory assertions, and no actual proof, to establish such a connection. Plaintiff also fails to establish that a transfer out of WSP, assuming it were even within this Court's power to grant such relief, is necessary to preserve the status quo in *this* case.[2] Because the purpose of a preliminary injunction is to preserve the status quo pending a determination on the merits, and because plaintiff's motion for preliminary injunctive relief presents issues unrelated to the underlying complaint, plaintiff is not entitled to preliminary injunctive relief.

## CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's motion for preliminary injunctive relief be denied. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **November 23, 2017**. Failure to file objections

---

[2] It is also worth noting that plaintiff has made absolutely no showing at this juncture that he is likely to succeed on the merits of his claims in this case. In fact, at this point in the litigation the Court is still attempting to obtain from plaintiff a more definite statement clarifying his claims so that defendants can file a responsive pleading and this case can move forward.

REPORT AND RECOMMENDATION - 3

within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 24, 2017.** Plaintiff is advised that this Report and Recommendation is not an appealable order.

DATED this <u>2nd</u> day of November, 2017.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 4