# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

OSSIE LEE SLAUGHTER,

    Plaintiff,

v.

DAN WHITE, *et al.*,

    Defendants.

Case No. C16-1067-RSM-JPD

ORDER RE: PLAINTIFF'S PENDING MOTIONS

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's motions for an extension of time to complete discovery, for reconsideration of this Court's Order denying his motion to compel, and for an extension of time to respond to defendants' motion for summary judgment. The Court, having considered plaintiff's motions, and the balance of the record, hereby ORDERS as follows:

(1) Plaintiff's motion for an extension of time to complete discovery (Dkt. 95) is DENIED. Plaintiff asserts in his motion that he requires additional time to complete discovery because he had limited access to the law library during the discovery period and he was "separated" from his legal property for a period of time while serving a disciplinary sanction for what he claims was an unlawful infraction. Plaintiff suggests that defendants may have been

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 1

attempting to sabotage his efforts to diligently conduct discovery, and he claims that defendants failed to timely respond to some of his discovery requests.

There is no evidence in the record that defendants in any way impeded plaintiff's ability to conduct discovery, or improperly withheld discovery. Moreover, it appears that at this juncture all discovery relevant to the claims asserted against the two defendants remaining in this action has been produced.[1] Finally, the Court notes that the summary judgment motion filed by the two remaining defendants, Lance Rogers and Steven Ewing, is now pending and plaintiff has filed a lengthy response to that motion together with an affidavit and 114 pages of exhibits. (*See* Dkt. 111.) Plaintiff has not identified any additional discovery which is necessary for him to adequately respond to defendants' motion. In sum, plaintiff has not shown good cause for an extension of the discovery deadline and, thus, his motion is denied.

(2) Plaintiff's motion for reconsideration (Dkt. 101) is DENIED. Plaintiff seeks reconsideration of this Court's August 14, 2018 Order denying his motion to compel discovery. The Court denied plaintiff's motion because he failed to demonstrate that he had actually served any discovery requests on defendants at that point in time. (*See* Dkt. 99.) Plaintiff asserts in his motion for reconsideration that he was "incapacitated" at the time he filed his motion to compel and did not have access to his legal materials. (Dkt. 101 at 3.) He maintains that once he later gained access to his legal materials, he sent discovery requests to defendants' counsel. (*See id.*) Though not entirely clear, it appears that plaintiff may be using the instant motion for

---

[1] Defendants' motion for a protective order which was contained within their response to plaintiff's motion for an extension of time to conduct discovery (Dkt. 96) is DENIED. Defendants sought to stay discovery until a then pending dispositive motion had been ruled on. However, the motion in question has now been ruled on (*See* Dkts. 84, 98, 108) and discovery as to the remaining defendants appears to be complete. Defendants' motion for a protective order is therefore moot.

reconsideration as a mechanism to compel responses to discovery requests that were served on defendants *after* plaintiff's motion to compel was denied.

The Court will ordinarily deny motions for reconsideration "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). Plaintiff has not demonstrated any error in the Court's prior ruling, nor has he identified new facts or legal authority which would justify a different result. The record continues to reflect that at the time plaintiff filed his motion to compel, he had not served any discovery requests on defendants. Plaintiff did later serve discovery requests on defendants and, so far as this Court can discern, defendants responded to those requests. As noted above, there do not appear to be any outstanding discovery requests and, thus, there is no need to compel any responses.

(3) Plaintiff's motion for an extension of time to respond to defendants' pending summary judgment motion (Dkt. 109) is GRANTED. Plaintiff's response was originally due on October 9, 2018[2], and he requested in his motion that he be granted an extension of 30 to 60 days. Plaintiff actually filed his response on October 21, 2018, and defendants have not objected to the late-filed response. (*See* Dkt. 111.) The Court therefore accepts the response for filing. And, in order to ensure that defendants have sufficient time to file a reply in support of their motion for summary judgment, the Court hereby RE-NOTES defendants' summary judgment motion (Dkt. 103) for consideration on November 2, 2018. Defendants shall file any reply brief by that date.[3]

---

[2] Plaintiff's response would have been due on October 8, 2018, but for the fact that that day was a federal holiday. Thus, pursuant to Fed. R. Civ. P. 6(a)(1)(C), the deadline was extended to the following day.

[3] The Court notes that plaintiff indicated in the caption of his response to defendants' summary judgment motion that he was also moving for this action to proceed to trial. (*See* Dkt. 111 at 1.) The Clerk's Office placed

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 3

(4) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Ricardo S. Martinez.

DATED this 26th day of October, 2018.

JAMES P. DONOHUE
United States Magistrate Judge

---

this "motion" on the Court's calendar for consideration on November 9, 2018, the third Friday after the motion was filed. However, plaintiff's purported motion for this action to proceed to trial is part and parcel of plaintiff's response to defendants' summary judgment motion and need not be considered as a separate motion. The Clerk is therefore directed to STRIKE that motion from the Court's motion calendar.